BARBARA A. ROTHMAN, Respondent-Appellant, v. BERNARD ROTHMAN, Appellant-Respondent.— In an action for divorce, defendant appeals from (1) two decisions of the Supreme Court, Westchester County, rendered after a non-jury trial, the original dated February 4, 1971 and a supplemental one dated February 9, 1971, and (2) a judgment of the same court, made upon said decisions, entered March 18, 1971; and plaintiff cross-appeals from so much of the judgment as awarded her $150 a week for support of herself and the infant child of the parties. Appeal from the decisions dismissed, without costs. No appeal lies from decisions. Judgment modified, on the law and the facts and in the exercise of discretion, by striking out the fourth, fifth, sixth and eighth decretal paragraphs and by substituting therefor a provision severing the action as to the matters embraced in said paragraphs and remitting the action to the Special Term for such further proceedings as the parties may be advised to take with respect to appropriate amendment of the pleadings and further action thereon as to said matters. As so modified, judgment affirmed, without costs. The original complaint in this action sought a divorce, alimony and child support, custody of the child, and a counsel fee for plaintiff wife. During the trial, it appeared that prior to the commencement of this action plaintiff had instituted an action in Pennsylvania wherein she sought to recover part of the moneys on deposit in certain joint bank accounts in the names of herself and defendant, and certain securities allegedly hers but converted by defendant; that plaintiff had obtained a default judgment in the Pennsylvania action; and that defendant had moved in that action to open his default and vacate the judgment. The record does not disclose the outcome of that motion to open the default and vacate the Pennsylvania judgment. At the end of the trial in this divorce action, plaintiff moved to amend her complaint to seek the same relief concerning the joint bank accounts and the securities she had sought in the Pennsylvania action. While the record is unclear on this point, it appears that this motion to amend the complaint was granted, over the objection of defendant, and that the trial court then granted the relief thereby requested by plaintiff. On this record, we believe this was improper for various reasons. First, the record does not disclose the present status of the prior Pennsylvania action, which sought the same relief, and it may be that there is, in that action, a binding judgment entitled to full faith and credit in New York; or, alternatively, it may be that that action is still pending, undetermined, and that a defense of a prior action pending may, perhaps, be available to defendant as an objection to the amendment of plaintiff's complaint. Second, during the trial, and prior to the motion to amend the complaint, plaintiff's counsel had several times stated that the joint bank accounts were not involved in this action; and the trial court had agreed with him. Third, on the proof in this case it is questionable whether plaintiff established any right to the subject securities and joint bank accounts. For these reasons, we believe the motion to amend the complaint should not have been granted and the relief sought by the amendment should not have been awarded on this incomplete record; and proper procedure and the interests of justice require that the matter be remitted

to Special Term for such further action as the parties may be advised to take with respect to the securities and joint bank accounts. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.